IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON RIVERA-GARCIA,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

_____

NELSON RIVERA-GARCIA,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL NO. 11-1017 (PG)
(CRIMINAL NO. 03-284 (PG))

CIVIL NO. 11-1018 (PG)
(CRIMINAL NO. 02-391 (PG))

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nelson Rivera-Garcia, a career offender, has filed three separate

motions of vacate, set aside or correct sentence under 28 U.S.C. § 2255. The

above-captioned cases having been consolidated by the court, a separate report

and recommendation will issue in relation to the remaining motion to vacate filed

in Civil No. 10-2271 (PG).  Criminal No. 02-391 (PG) and Criminal No. 03-284

(PG) were consolidated and tried together. Petitioner pleaded guilty in Criminal

2

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

No. 03-250 (PG).  The government argues that the remaining motion to vacate is duplicative, a matter which I will address in that petition and which piggybacks onto the government's position.

## I. PROCEDURAL BACKGROUND: CRIMINAL 02-391 (PG)

On October 4, 2002, petitioner Nelson Rivera-Garcia and nine other defendants were charged in Criminal No. 02-391 (PG) in a two-count indictment with knowingly and intentionally combining, conspiring, confederated and agreeing together and with each other and with diverse other persons known and unknown, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute controlled substances, that is, one kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance, five kilograms or more of cocaine,  a Schedule II Narcotic Drug Controlled Substance,  fifty grams or more of cocaine base, a Schedule II Narcotic Drug Controlled Substance,  and 100 kilograms or more of marijuana, a Schedule I Controlled Substances, as prohibited by Title 21, United States Code, Section 841(a)(1). All in violation of 21 § 846.  Count Two contained forfeiture allegations against petitioner and two other defendants.  (Criminal 02-391, Docket No. 2). On December 17, 2003, a superceding indictment was returned similar to the original indictment but including only petitioner and another co-defendant. The unindicted co-conspirators included petitioner's brothers and mother. (Criminal

3

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

No. 02-391, Docket No. 238).  Count Two again contained forfeiture allegations.

The object of the conspiracy was the possession with intent to distribute controlled

substances at the "Callejon de los Conejos", Cotto Street, Ponce, Puerto Rico.

After initially pleading not guilty to the charges on December 22, 2003, petitioner

decided to enter a guilty plea in this case as well as in Criminal No. 02-384 (PG).

(Criminal No. 02-391, Docket No. 251; Criminal No. 03-284, Docket No. 48).

Petitioner having had a change of heart, the jury trial began on April 27, 2005.

(Criminal No. 02-391, Docket No. 375).  On May 18, 2005, the twelfth day of jury

trial, the jury returned a verdict of guilty. (Criminal No. 02-391, Docket No. 430).

On April 11, 2006, the case was called for sentencing but there was some

confusion as to the grouping of petitioner's three criminal cases, Criminal Nos. 02-

391, 03-284, and 03-250, the latter case in which petitioner admitted he was a

career offender[1]. (Criminal No. 02-391, Docket No. 487).    Petitioner was

---

[1]On November 18, 2003, petitioner Nelson Rivera-Garcia and six other
defendants were charged in Criminal No. 03-250 (PG) in a one-count indictment
with knowingly and intentionally combining, conspiring, confederated and agreeing
together and with each other and with diverse other persons known and unknown,
to commit an offense against the United States, that is, to knowingly and
intentionally possess with intent to distribute and distribute controlled substances,
that is, five kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled
Substance, and 100 grams or more of heroin, a Schedule I Narcotic Drug
Controlled Substance, a violation of Title 21, United States Code, Section
841(a)(1).  All in violation of 21 U.S.C. Section 846. (Criminal No. 03-250, Docket
No. 59).  Petitioner entered a not guilty plea before me on December 9, 2003.
 (Criminal No. 03-250, Docket No. 65). At a status conference held on February
6, 2004, the court set a change of plea hearing for petitioner for February 18,
2004 at 9:00 A.M.  (Criminal No. 03-250, Docket No. 114).  The hearing was reset

4

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

sentenced on August 16, 2006 to life imprisonment. (Criminal No. 02-391, Docket Nos. 510, 511).  Petitioner filed a notice of appeal on August 29, 2006.  (Criminal No. 02-391, Docket No. 512).

On February 24, 2009, the sentence of life imprisonment was affirmed. United States v. Rodriguez-Lozada, 558 F.3d 29 (1st. Cir. 2009).  Petitioner raised three issues all related to his sentence.  The court found that there was no error in the determination of drug quantity by the sentencing court. Indeed, the determination was considered conservative and well-supported by the evidence at trial. Id. at 44.   Petitioner also took issue with the sentencing court's determination as to his leadership's role.  The court found that the district court's finding that petitioner had a leadership role in a criminal activity that involved five or more participants was supported by the evidence.  Id. at 45.  Finally, the court found that the district court considered the § 3553(a) factors and imposed a reasonable sentence after considering petitioner's particular circumstances.  Id. at 46.  Petitioner petitioned for a writ of certiorari.  The petition was denied by the

---

with the notation that petitioner would enter a guilty plea in all three cases. (Criminal No. 03-250, Docket No. 124).   Fast-forwarding to June 27, 2005, petitioner moved to change his not guilty plea to one of guilty in one of the three cases.  (Criminal No. 03-250, Docket No. 275).   On August 16, 2005, petitioner was sentenced to the lower end of the applicable guideline, that is, 188 months imprisonment, as determined by the calculations in the plea agreement entered into between himself and the United States.   Petitioner did not appeal the conviction or sentence.  Petitioner was represented by retained counsel Lydia Lizarribar-Buxo during these proceedings.

5

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

Supreme Court on October 5, 2009.  Rivera-Garcia v. United States, 130 S. Ct.

283 (2009).

## II. PROCEDURAL BACKGROUND: CRIMINAL 03-284 (PG)

On October 9, 2003, petitioner was charged in a multi-count indictment as

follows: Count One charged petitioner in that on or about September 29, 2003,

aided and abetting by Elias Rodriguez Lozada, the defendants did willfully,

knowingly, intentionally and unlawfully possess with the intent to distribute

approximately 1,260.8 grams (gross weight) of heroin, a Schedule I Narcotic Drug

Controlled Substance. In violation of Title 21, United States Code Section

854(a)(1) and 18 United States Code ode, section 2. (Criminal No. 03-284 (PG),

Docket No. 14).  Count Two charged both defendants similarly in that on or about

September 29, 2003, petitioner and Elias Rodriguez Lozada, the defendants did

willfully, knowingly, intentionally and unlawfully possess with the intent to

distribute approximately 16.7 grams (gross weight) of marijuana, a Schedule I

Controlled Substance. In violation of Title 21, United States Code Section

854(a)(1) and 18 United States Code , section 2.  Count Five of the Indictment

charged both defendants, aiding and abetting each other, in that on or about

September 29, 2003, they did knowingly possess firearms in furtherance

6

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

of a drug trafficking scheme[2], that is, a Glock semi-automatic pistol, .45 caliber serial number BZC 308, and a Taurus semi-automatic pistol, model PT 92, 9mm. Caliber, serial number TLD4401-8D, loaded, during and in relation to the commission of an offense punishable under the Controlled Substances Act, that is, a violation of Title 21, United States Code, Section 841(a)(1), as charged in Count One, Two and Three, of this Indictment, involving the possession with the intent to distribute Schedule I Narcotic Drug Controlled Substance, heroin, a Schedule II Narcotic Drug Controlled Substance, cocaine, and a Controlled Substance, marijuana. All in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

Petitioner was found guilty after trial and sentenced to life imprisonment as to Counts One and Three, forty years as to Count Two, sixty years months as to Count Four, 120 months as to Count Six.  Petitioner was sentenced to sixty months in Count Five, to be served consecutively to the sentences imposed. (Criminal No. 03-284, Docket No. 123). An appeal followed the results of which are already described.

III. COLLATERAL REVIEW

This  matter is before the court on timely motions filed by petitioner Nelson Rivera-Garcia on January 10, 2011 to vacate, set aside or correct sentence

---

[2]"Scheme" was later corrected to "crime".

7

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

pursuant to 28 U.S.C. § 2255.  (Civil Nos. 11-1017, 1018 (PG), Docket No. 1.)[3]
The government filed responses in opposition to the motions on March 14, and November 5, 2011.  (Docket Nos. 6 (lead case), 4(member case)).

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED.

Petitioner claims that he suffered ineffective assistance of counsel since his attorney failed to investigate the case adequately, failed to file essential motions, to move to sever defendants, to move to suppress evidence, failed to object to highly questionable evidence and failed to adequately object regarding sentencing issues. Petitioner also attacks appellate counsel's performance under the Fifth and Sixth Amendments.  He also charges the government with prosecutorial misconduct.  In the memorandum of law filed in Civil No. 10-2271 (PG), petitioner lists the exact factors where counsel fell short under the Sixth Amendment. Petitioner seeks an evidentiary hearing to prove he is entitled to relief.

On November 5, 2011,  the government filed the second response in opposition to the petitioner's motions arguing that none of the points raised by petitioner have merit, addressing them *ad seriatim*.  The government notes the conclusory nature of petitioner's arguments in general and addresses other

---

[3]The motion to vacate is filed in the member case, as well as in the lead case. The memorandum of law is filed in Civil No. 10-2271 (PG).

8

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

arguments more specifically.  Because petitioner appears *pro se*, his pleadings are considered more liberally, however inartfully or opaquely pleaded,  than those penned and filed by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Proverb v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009).

III.  ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution
> or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing.  Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)).  Petitioner has sought an evidentiary hearing.  It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).  "In other words, a '§ 2255 motion may be denied

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

*Ineffective Assistance of Counsel*

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."  U.S. Const. amend. 6.  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984).  "This inquiry involves a two-part test."  Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007).  "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Id. (quoting Strickland v. Washington, 466 U.S. at 690.)  "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)).  "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'"  Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991)).  The test includes

10

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689).  "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 8) (quoting Strickland v. Washington, 466 U.S. at 694); see Mattei-Albizu v. United States, 699 F. Supp. 2d 404, 407 (D.P.R. 2010).  However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 691).  Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 15).  The defendant bears the burden of proof for both elements of the test.  Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005), cert. denied, 525 U.S. 942 (2010), (citing Scarpa v. DuBois, 38 F.3d at 8-9).

     In Hill v. Lockhart the Supreme Court applied Strickland's  two-part test to ineffective assistance of counsel claims in the guilty plea context.  Hill v. Lockhart,

1
2

11

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

3
4

474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part Strickland v.

5

Washington test applies to challenges to guilty pleas based on ineffective

6

assistance of counsel.").  As the Hill Court explained, "[i]n the context of guilty

7

pleas, the first half of the Strickland v. Washington test is nothing more than a

8
9

restatement of the standard of attorney competence already set forth in [other

10

cases].  The second, or 'prejudice,' requirement, on the other hand, focuses on

11

whether counsel's constitutionally ineffective performance affected the outcome

12

of the plea process."  Hill v. Lockhart, 474 U.S. at 58-59.  Accordingly, petitioner

13
14

would have to show that there is "a reasonable probability that, but for counsel's

15

errors, he would not have pleaded guilty and would have insisted on going to

16

trial."  Id. at 59.

17

        The Supreme Court has noted that in the context of a challenged

18
19

representation, "strategic choices made after thorough investigation of law and

20

facts relevant to plausible options are virtually unchallengeable . . . . "  Strickland

21

v. Washington, 466 U.S. at 690.  Because of the wide range of tactical decisions

22

that a criminal defense attorney may be presented with in any given trial, judicial

23
24

scrutiny of the attorney's performance must be "highly deferential" and indulge

25

a strong presumption that the challenged action "might be considered sound trial

26

strategy."  Id. at 689.  Indeed, "[a] fair assessment of attorney performance

27

requires that every effort be made to eliminate the distorting effect of hindsight

28

. . . . "  Id.

12

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record . . . and to the extent that they are merely conclusions rather than statements of fact.'" <u>Otero-Rivera v. United States</u>, 494 F.2d 900, 902 (1st Cir. 1974) (quoting <u>Domenica v. United States</u>, 292 F.2d 483, 484 (1st Cir. 1961)).

I address the issues as raised, noting that at first blush a great deal of the argument is conclusory and insufficient to trigger the requirement that petitioner be provided an evidentiary hearing.

A. OBJECTIONS TRIGGERED BY FRE 801(d)(2)(E).

Co-defendants testified against petitioner and he argues that counsel was deficient in failing to object to such testimony, specifically the testimonies of Carlos Ramon Rivera Segarra and Edwin Robledo Garcia.   Certainly any statements of petitioner made in the presence of co-conspirators, if made during and in furtherance of the conspiracy could be used against petitioner under Federal Rule of Evidence 801(d)(2)(E). <u>See United States v. Mangual-Garcia</u>, 505 F.3d 1, 7-8 (1st Cir. 2007); <u>United States v. Lopez Gutierrez</u>, 83 F.3d 1235, 1241 (10th Cir. 1996).   The court made a finding as to the existence of the conspiracy and the admission of co-defendant statements under Federal Rule of Evidence 801.  The steady beat of <u>United States v. Honneus</u>, 508 F.2d 566, 577 (1st Cir. 1974), cert, denied 421 U.S. 948 (1975), <u>United States v. Petrozziello</u>, 548 F.2d

13

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

20 (1st Cir. 1977) and United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir. 1980) continues to be heard in the courtrooms belonging to the First Circuit and trial counsel are not required to make futile motions or motions which in their esteem bear no merit.  See Bourjaily v. United States, 483 U.S. 171, 180-81, 107 S. Ct. 2775 (1987); United States v. Fernandez-Hernandez, 652 F.3d 56, 74 (1st Cir. 2011); United States v. Rosario-Camacho, 733 F. Supp. 2d 248, 261-62 (D.P.R. 2010).  In any event, this issue is totally undeveloped.

## B. MOTION FOR SEVERANCE

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses or defendants in the same indictment or information to promote judicial economy. United States v. Josleyn, 99 F.3d 1182, 1188 (1st Cir. 1996).  A trial judge has broad discretion to grant or deny severance of joined counts or defendants after balancing the interest in judicial economy against the risk of prejudice to the defendant or the government.  See, e.g., United States v. Magana, 127 F.3d 1, 7 (1st Cir. 1997).   As is well known, generally, persons who "are indicted together should be tried together." United States v. DeLeón, 187 F.3d 60, 63 (1st Cir. 1999) (quoting United States v. O' Bryant, 998 F.2d 21, 25 (1st Cir. 1993)). For severance to be granted, a defendant "must demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice." United States v. DeLeón, 187 F.3d at 63; United States v. LiCausi, 167 F.3d 36, 49 (1st  Cir. 1999) (defendant argues prejudice due to admission of evidence relating to crimes

14

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

in which he was not involved); United States v. Sabatino, 943 F.2d 94, 96-97 (1st

Cir. 1991) (defendant argues prejudicial joinder because two main prosecution

witnesses fail to mention her during their testimony.)

Petitioner has not presented any argument or evidence to meet the burden

necessary to prove ineffective assistance of counsel in failing to pursue a

severance of the substantive counts from the conspiracy count.  If the argument

as to FRE 801(d)(2)(E) is undeveloped, the argument as to severance is even

more so.  The court of appeals has stated on many occasions, "the general rule

is that those indicted together are tried together to prevent inconsistent verdicts

and to conserve judicial and prosecutorial resources." United States v. Saunders,

553 F.3d 81, 85 (1st Cir. 2009), citing United States v. Soto-Beniquez, 356 F.3d

1, 29 (1st Cir. 2004).  The  axiom is particularly true in conspiracy charges such

as this one. See Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933

(1993); United States v. Tiem Trinh, 665 F.3d 1, 17-18 (1st Cir. 2012).  And there

is nothing irregular about one defendant going to trial on unrelated substantive

and conspiracy charges.  Habeas corpus relief is an extraordinary remedy.  This

argument does not invite its application.  And it is not almost axiomatic, as alleged

by petitioner, that had counsel researched the facts within the legal principles,

severance would have been granted. The argument is at best ethereal and lacks

merit. See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990).

## C. VIOLATION OF 18 U.S.C. § 201(c)(2)

15

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

Petitioner argues that the government has violated the above statute by offering to recommend leniency in exchange for a co-conspirator's truthful testimony, since it taxes credulity that he would argue that the government would recommend leniency in exchange for perjury.  This argument also lack merit. See United States v. Vega-Figueroa, 234 F.3d 744, 754 (1st Cir. 2000). United States v. Lara, 181 F.3d 183, 197-98 (1st Cir. 1999).  The type of testimony complained of is commonplace in the criminal justice system.   It is not inadequate representation for defense counsel to object to testimony based upon some type of incentive as long as the trier of fact is aware of elements weighing on credibility.  Clearly, the government must reveal promises of leniency or immunity for its witnesses. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972). Again, the argument lacks merit.

### D. CRACK COCAINE

Petitioner raises as issue that crack cocaine is not listed under Schedule II. That is, petitioner argues that since it was not listed, it is not a controlled substance.  This argument is probably the weakest of all and also taxes credulity considering the case law addressing crack or cocaine base.   Crack cocaine contains cocaine although it is a purer and more powerful and addictive substance than powder cocaine. The argument does not require more consideration and could have but was not raised on appeal, understandably so.  Petitioner notes that Kimbrough v. United States, ___U.S.____, 128 S.Ct. 558 (2007) states that

16

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

cocaine base and powder cocaine are the same drug, as though this discovery were made for the first time six years ago.  The discovery does not aid petitioner.  Nor do the eight lines dedicated to counsel's failing to object to the jury instruction that told the jury that certain types of drugs were controlled substance.  (Docket No. 1 at 13).  This meritless argument could have been raised on appeal and was not, and understandably so.

E. SUFFICIENCY OF THE EVIDENCE AND 18 U.S.C. § 924(c)

Petitioner argues that counsel was ineffective in not raising on appeal the issue of sufficiency of the evidence, specifically the evidence related to the weapons charge.  The short answer to this allegation is that regardless of whether petitioner raised the issue on appeal or not, the issue was considered in relation to co-defendant Rodriguez-Lozada.  The court noted, relating the evidence presented to the jury, that there more than sufficient evidence to support the charge.  Thus, the issue was considered and resolved against petitioner's position if not against petitioner who did not raise the issue.

> A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review.  In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has "cause" for having procedurally defaulted his claims, and if the petitioner suffered "actual prejudice" from the error of which he complains.

United States v. Sampson, 820 F. Supp.2d 202, 220 (D.Mass. 2011), citing Owens v. United States, 483 F.3d at 56, also citing Oakes v. United States, 400

17

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.")

In a nutshell, the issue lacks merit and was considered and discussed fully by the court of appeals.  Had petitioner himself raised the issue, he would have fared no better than did his fellow appellant, therefore failing to meet the Strickland cause and prejudice standard. In short, the argument lacks merit and does not deserve an evidentiary hearing.

### F. MURDERS

Petitioner argues that counsel should have objected to the mention of murders performed in furtherance of the conspiracy. This argument, as others, is not developed other than to note that a balancing test well applied under Federal Rule of Evidence 404(b) would have yielded an exclusion of the evidence. However, it is not uncommon for uncharged murders to be included in the testimony of government witnesses since violence, weapons and death go hand in hand with major drug conspiracy.  See e.g.  United States v. Rivera-Calderon, 578 F.3d 78, 98 (1st Cir. 2009); Rivera-Newton v. United States, 2006 WL 6042470 at 22 (D.P.R. Mar. 7, 2006).   This is nothing new.  This argument, as the others, lacks merit.

### G. APPELLATE COUNSEL PERFORMANCE

18

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

A claim of ineffective assistance of appellate counsel is measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387, 833-34, 105 S.Ct. 712 (1985). Petitioner presents a laundry list of the deficient performance of appellate counsel, the same attorney who represented petitioner at trial.  But the list is composed of the factors which I have determined to lack merit, to be wholly undeveloped, or which could have been or were raised on direct review.  Therefore for much the same reasons, it is impossible to attribute poor performance to appellate counsel to the point where a Sixth Amendment violation naturally follows.

### III.  CONCLUSION

"Under Strickland v. Washington, . . . counsel is not incompetent merely because he may not be perfect.  In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent." Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999).  Petitioner has not satisfied the first prong of Strickland.  The arguably deficient performance of petitioner's attorney did not contribute to the ultimate outcome of the criminal cases. Petitioner was very busy in the real world before he was arrested and brought to the halls of justice. There were no errors on the part of the defense that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment.  It is a settled rule that "issues adverted to in  a  perfunctory  manner,  unaccompanied  by  some  effort  at  developed

19

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

argumentation, are deemed waived." Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005);   United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). So I find most of petitioner's arguments.

In view of the above, I find that petitioner Nelson Rivera-Garcia has failed to establish that his counsel's representation fell below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. at 686-87; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).   Furthermore, even if petitioner had succeeded in showing deficiencies in his legal representation, which he clearly has not, he is unable to establish that said alleged deficiencies resulted in a prejudice against him in the criminal proceedings.  See Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88).  It is impossible to find that any claimed error has produced "'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. at 428).

I find that petitioner's  motion under 2255 is meritless, and therefore recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection

20

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

thereto with the Clerk of this Court within fourteen (14) days of the party's receipt

of this report and recommendation.   The written objections must specifically

identify the portion of the recommendation, or report to which objection is made

and the basis for such objections.   Failure to comply with this rule precludes

further appellate review.   See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet

v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass.

Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health

& Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13,

14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982).

At San Juan, Puerto Rico, this 15th day of October,  2013.


S/JUSTO ARENAS

United States Magistrate Judge

21
CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))

22

CIVIL NOS. 11-1017 (PG) & 11-1018 (PG)
(CRIMINAL NOS. 03-284 (PG) & 02-391 (PG))